### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSSETS

**KIM BRENNA,**
**Plaintiff**

**V.**

**NEXUS BUSINESS SOLUTIONS, LLC**
**And GENERAL MOTORS LLC**
**Defendants**

_____

### COMPLAINT FOR VIOLATION OF THE FLSA AND DEMAND FOR JURY TRIAL

Plaintiff, **KIM BRENNA,** sues the above captioned Defendants, **NEXUS BUSINESS SOLUTIONS, LLC.** (hereinafter "NEXUS"), and **GENERAL MOTORS LLC** (hereinafter "GM" and together with NEXUS the "Defendants") pursuant to *29 U.S.C. 216(b)*, the Fair Labor Standards Act (the "FLSA"), and M.G.L. c. 149 §148, §150 and M.G.L. c. 151 §§1A and 1B for failing to pay Plaintiff overtime wages.

### JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over claims under the FLSA pursuant to 29 U.S.C. §216 (b), which states, in relevant part, "[a]n action to recover… may be maintained … in any Federal or State court of competent jurisdiction."

2.   This Court has personal jurisdiction over the Defendants in this action pursuant to the Massachusetts Long Arm Statute, M.G.L. c.223A, Section 3, because Defendants jointly employed Plaintiff from her home in Milford, Massachusetts, and are thus

engaged in business throughout the state of Massachusetts; GM conducts substantial business activities in Massachusetts selling vehicles, and with other staff and personnel working in this state.

3.     Venue is proper to this Court pursuant to 29 U.S.C. § 216(b), because the acts complained of herein took place in Massachusetts where Plaintiff lived and performed work for the Defendants and the acts and omissions giving rise to the claims herein alleged took place in this District.

4.     Plaintiff has satisfied all prerequisites and conditions precedent necessary to seek the remedies sought in this action, including obtaining authorization from the Massachusetts Attorney General to bring a private right of action.

5.     Attached as Exhibit A hereto is the authorization from the office of the Attorney General to pursue the claims set forth in this Complaint through a private lawsuit in civil court.

## THE PARTIES

6.     Plaintiff was employed with DEFENDANTS as a business development Manager (BDM), from December 2016 until October 2018, working from her home at 12 Hancock Street, Milford in Massachusetts.

7.     Throughout the course of her employment with NEXUS and GM, Plaintiff was always denied overtime compensation even though

she routinely worked over forty hours in a week with the knowledge and at the behest of Defendants.

8.  Plaintiff was treated as a salaried, employee exempt from the requirements to pay overtime of the FLSA and M.G.L. c. 151 §1A, and never paid a premium for any hours worked over 40 in a workweek.

9.  Defendant, NEXUS BUSINESS SOLUTIONS, LLC., is a Michigan For Profit Corporation with its principal place of business at 100 West Big Beaver Road, Suite #200, Troy, MI 48084.

10.  NEXUS does not identify a registered agent for service of process in the Commonwealth of Massachusetts; thus service will be upon its corporate office.

11.  At all times pertinent to this Complaint, NEXUS was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

12.  Plaintiff received her salary from NEXUS, and NEXUS was Plaintiff's employer pursuant to the FLSA (29 U.S.C. § 203(e)(1)),

but, also GM paid Plaintiff's salary by way of billing or invoicing from NEXUS to GM for her compensation, albeit with a premium charged to it by NEXUS for their profit margin on the staffing.

13.   NEXUS is an employer subject to and M.G.L. c. 149 §148, §150 and M.G.L. c. 151 §§1A and 1B.

14.   Defendant, GENERAL MOTORS LLC, is a Delaware, For Profit Corporation with its principal place of business at 300 Renaissance Center, Detroit, Michigan 48243.

15.   GM's registered agent for service of process in the State of MASS is:   CT Corporation Systems, 84 State Street, Boston, Massachusetts 02109.

16.   GM LLC is a wholly owned subsidiary of the publicly traded company, General Motors Company (stock symbol: GM), and identifies itself as being the business of the manufacture and sales of vehicles as per its filings with the Commonwealth of Massachusetts,   Secretary   of   Commonwealth,   Division   of Corporations.

17.   At all times pertinent to this Complaint, GM was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00

per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

18. GM is an employer subject to and M.G.L. c. 149 §148, §150 and M.G.L. c. 151 §§1A and 1B.

19. At all times material hereto, GM was Plaintiff's employer and/or joint-employer pursuant to the FLSA (29 U.S.C. § 203(e)(1))and as defined by M.G.L. c. 149, §148B.

20. GM directed the work performed by Plaintiff; GM provided Plaintiff a work vehicle, cellular telephone, and laptop; GM hosted and provided her a GM email address with a GM domain; GM trained the Plaintiff jointly with NEXUS.

21. GM indirectly paid Plaintiffs' full wages and compensation by way or means of an invoice or bill from NEXUS, with a profit component or charge on top;

22. GM provided all of the training materials to train BDMs on how to perform their job duties; by contract with NEXUS had to approve the Plaintiff's salary; GM provided leads for Plaintiff was expected to use; GM provided databases and information Plaintiff was required to use in her job to present to businesses called upon; required Plaintiff to represent herself as a GM representative in her cards and communications with third parties

and customers; authorize and/or required Plaintiff to wear GM logos on her clothes; and upon information and belief had authority to fire her as well as providing Plaintiff and other BDM a policy that the top BDMs would get promoted to a direct position within GM.

23.  Plaintiff and all other BDM used GM's email system; BDMs were trained to identify themselves as official GM fleet representatives to prospective clients, and GM's website lists BDMs as regional employees and representatives of GM.

24.  Plaintiff's job was part of a GM master planned program called "operation conquest" in which GM contracted with NEXUS to employ persons as BDMs' to solicit and call upon businesses with a fleet size of 5 to 95 vehicles which were not presently using GM vehicles; and then to set up meeting with its contracted, privately owned, General Motors dealerships to negotiate and sell these businesses, GM vehicles.

25.  Upon information and belief, GM exercised a significant degree of control over the BDMs; GM employees supervised BDMs' work; GM directed the pay rate of BDMs; GM exercised the right to fire and promote BDMs; GM owned the facilities BDMs used in the performance of their job; BDMs perform a job that is instrumental in the fleet sales operations for GM.

26.   BDMs were led to believe by the communications with and from GM, that their work was supervised, controlled and monitored by GM, and that GM had the equal right to direct and control all aspects of her job duties and requirements jointly with NEXUS.

27.   Accordingly, GM qualifies as an employer and a 'joint employer' within the FLSA's broad definition of "employer". *See Lamonica v. Safe Hurricane Shutters,* +2013 U.S. App. LEXIS 4599 (11th Cir. 2013), and under the guidelines set forth in *Layton v. DHL Express United States,* 686 F.3d 1172 (11th Cir. 2012).

28.   The allegations in paragraphs 20-27 also demonstrate that GM exercised control and direction over Brenna, that she performed duties required in the usual course of GM's business, and was not independently engaged in her own business such that is an employee of GM as defined by M.G.L. c. 149, §148B.

29.   For purposes of the Class, Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b).

## GENERAL ALLEGATIONS

30.   NEXUS and GM had a common pay practice and policy of denying its "Business Development Managers" overtime pay for hours worked in excess of forty (40) hours per workweek during the period of 2014 to the present on a national scale, unlawfully

misclassifying all as Exempt under the FLSA and M.G.L. c. 151, §1A.

31.  At all material times, NEXUS and GM expected and required BDMs, including Plaintiff, to work as many hours as necessary to complete their job duties and meet quotas and production requirements.

32.  Plaintiff was instructed from the beginning, as documented in offer letters to her and all other BDM, that the company expected her to keep a work schedule of at least Monday to Friday from 8:00am until 5:00pm, and forewarned Plaintiff that overtime hours would likely be incurred, but there would not be any premium paid for the overtime work hours.

33.  Plaintiff did not supervise or direct the work of other employees.

34.  Plaintiff did not "manage" any department or any aspect of Defendants' business.

35.  Plaintiff was assigned a territory by Defendants and expected to use canned, standardized PowerPoint presentations to persuade businesses that GM was a good value, primarily as compared to Ford.

36.  Plaintiff did not create company marketing and advertising plans, and her job duties and requirements were

generally part of production and did not involve her creating policies and procedures, or using her discretion and judgment in matters affecting the company business.

37. Under the FLSA and Massachusetts law, an administrative employee must exercise discretion and independent judgment with respect to matters of significance. In order to possess such discretion, the employee must have the authority to make independent decisions, free from immediate direction or supervision…even if their decisions or recommendations are reviewed at a higher level.

38. Plaintiff's work as a BDM does not qualify for the administrative exemption under state or federal law because she was not allowed to hire, fire, train, mentor, or discipline any employees, and her primary job duty did not involve the exercise and discretion of independent judgment in matters of significance; and alternatively her job duties and role was related to sales, which is in "production".

39. Further, BDMs are not "managers" or part of management within the elements laid out in the FLSA and the corresponding CFR regulations, nor as otherwise interpreted by precedent, as they did not manage other employees, departments, or any divisions.

40.   BDMs work as GM manufacturer representatives, GM brand ambassadors, GM marketers and promote the value of buying GM vehicles. However, BDMs did not create marketing campaigns for Defendants.

41.   Plaintiff also attended marketing events set up by the Defendants, where she was to promote the GM brand and vehicles.

42.   BDMs are not outside sales representatives, as their primary job duty was not to make sales as set forth in CFR Section 541.500; their primary job duty was the promotion of GM cars and vehicles, and serving as a broker or liaison between the prospective customer and GM.

43.   Plaintiff could not and did not sell any vehicles which were the property of GM, or of its GM dealerships.

44.   Plaintiff never executed any contract for the sale or purchase of a vehicle, and had no involvement in the transfer of title of vehicles from GM or its dealerships to the purchasing customers.

45.   Plaintiff was not permitted to negotiate the prices of the vehicles, nor quote the prices of vehicles to customers, which was the responsibility and role of the sales representative and employees of the GM dealerships who ultimately sold the vehicles to the customers always by written contracts.

46.   Plaintiff was not permitted and did not negotiate all other terms and conditions of the sale or sales contract between the dealership and the purchasing business including:  the exact vehicle in the inventory to sell or order, the options and prices, the warranties and services plans, the dealer charges and fees, the title transfer and related documents charges, or the financing of the vehicles.

47.   Accordingly, Plaintiff was not and should not have been classified by Defendants as exempt from the requirements of overtime wage requirements of the FLSA and M.G.L. c. 151 §1A.

**COUNT I – OVERTIME WAGES DUE UNDER THE FLSA SECTION 207(A)**

48.   The Plaintiff re-adopts and re-alleges the allegations set forth in paragraphs 1 through 47 as if fully set forth herein, and further alleges:

49.   At all relevant times, NEXUS and GM have been and continue to be employers engaged in commerce and/or the productions of goods for commerce within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

50.   At all relevant times, NEXUS and GM jointly employed Plaintiff within the meaning of the FLSA.

51.   At all relevant times, Plaintiff regularly worked overtime, with the behest, encouragement, knowledge and expectations of Defendants.

52.   As stated herein, Defendants have a common policy and practice of refusing to pay overtime compensation for employees in the BDM position for the hours worked in excess of forty (40) hours per work week.

53.   NEXUS and GM failed to compensate Plaintiff for overtime hours they regularly worked without explanation of the reasons or the exemption claimed to be applicable.

54.   Defendants did not have any system in place to track and record Plaintiffs' work hours, and they did not request or seek to track and record the Plaintiffs work hours.

55.   Defendants' failure to pay Plaintiff overtime compensation or any premium for overtime hours for work performed beyond the forty (40) hour work week, was, and remains a willful violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

56.   Defendants have not made a good faith effort to comply with the FLSA and the overtime compensation requirements with the FLSA, as they never obtained any legal opinion or written opinion when creating this position and classifying it as Exempt.

57.  In July 2017, Alicia Brown filed a collective action pursuant to 216b of the FLSA against NEXUS, on behalf of all other present and formerly employed BDM, in **Case No. 1:17-CV-01679-ELR**, in the Northern District of Georgia, Atlanta Division.  This case is pending and placed Defendant on notice of the claims of BDM for overtime wages.  Upon until this lawsuit, NEXUS had never obtained a written legal opinion on the Outside Sales Exemption it was relying upon, and, still has NEVER obtained any written legal opinion which would support classifying the BMD position as Administratively Exempt.

58.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59.  The primary job duties and responsibilities for the BDM position do not meet or satisfy the elements of any exemption under the FLSA, as the primary job duty of the BDM position was marketing, promotion, and being a liaison for GM.

60.  All the sales related work Plaintiff was involved in for GM, was on behalf of and for the benefit of GM and its team of independently owned GM automobile dealerships (GM, Chevy, GMC, Cadillac etc.)

61.  All sales were made by General Motors dealerships, who negotiated the vehicles to be sold, the sales prices and all the terms and conditions of the sales.

62.  BDM would develop leads for GM car dealerships but developing leads or lead generation does not satisfy the outside sales exemption.

63.  Due to Defendants' FLSA violations, Plaintiff suffered damages and is entitled to recover from NEXUS and GM the unpaid overtime compensation, and an additional amount equal as liquidated damages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

64.  Plaintiff should be paid time and one half her regular rates of pay for all overtime hours, and the regular rate must include the bonuses paid in the calculation.

65.  Defendants knew or should have known that Plaintiff routinely worked overtime hours without being paid a premium for any of the overtime hours.

66.  Defendants have stolen her wages by failing to pay her a premium for all overtime hours worked.

**COUNT II VIOLATION OF M.G.L. c., Chapter 151, Sections 1A and 1B, OVERTIME WAGE LAW**

67.  Plaintiff adopts and realleges paragraphs 1 through 47 as if fully set forth herein.

68. Plaintiff routinely worked more than 40 hours in a workweek.

69. Defendants failed to pay Plaintiff a premium for her overtime work hours, and specifically failed and refused to pay her the required time and one half her regular rate of pay for all her overtime hours worked.

70. Defendants knew or should have known that Plaintiff routinely worked overtime hours.

71. Defendants willfully misclassified Plaintiff as exempt from overtime wages under Massachusetts law.

72. Plaintiff's job duties and requirements do not meet or satisfy the elements of any of the legal exemptions under the Massachusetts overtime wage law, M.G.L. c. 151, §1A.

73. As direct result of defendants' willful misclassification of Plaintiff as exempt from overtime pay, she has been harmed and suffered theft of her wages by Defendants.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment to include an award of all overtime wages owed, plus an equal sum as liquidated damages, plus penalties, interest and recovery of her attorney's fees and expenses and costs of this action. Further, Plaintiff demands an award of treble damages as a result of Defendants' willful failure

to pay wages and overtime pay pursuant to M.G.L. c. 149, §§ 148, 150, and M.G.L. c. 151, §§1A, 1B.

### **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

*Local Counsel for Plaintiff,*

Rebecca G. Pontikes
BBO # 637157
Bryn Sfetsios
BBO #688368
Pontikes Law LLC
10 Tremont Street, Second Floor
Boston, MA 02108
(617) 357-1888
rpontikes@pontikeslawllc.com

*/s/Mitchell L. Feldman*
Mitchell Feldman, Esq.
6940 W. Linebaugh Ave #101
Tampa, FL 33625
FB# 0080349
(to be admitted pro hac vice)
(813) 639 9366
Mlf@feldmanlegal.us


Dated this 13 day of February, 2019.